IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER COCHRAN,                    )        CA No. 21-
                                     )
            Plaintiff,               )
                                     )
     vs.                             )
                                     )
UMH 3 RIVERS LLC, d/b/a NEW COLONY,  )
JEREMY STILLWAGON, in his official   )
capacity as Pennsylvania State Constable for )
Magisterial District Court 05-2-14,  )
                                     )
            Defendants.              )

## VERIFIED COMPLAINT

### I.    PRELIMINARY STATEMENT

1.  Jennifer Cochran brings this civil action seeking declaratory and injunctive

relief against UMH 3 Rivers LLC ("3 Rivers") for its actions, through utilization of state

court procedure and the Constable assigned to Allegheny County Magisterial District

Court 05-2-14 to forcibly evict her and her five minor children from their residential

premises without first providing Ms. Cochran prior notice of its actions and an

opportunity to object to those actions, in violation of her right to due process guaranteed

by the Fourteenth Amendment of the Constitution of the United States of America.

2.  Additionally, Ms. Cochran brings this civil action seeking declaratory and

injunctive relief against Pennsylvania Constable Jeremy Stillwagon, for his actions in

engaging in the process to forcibly evict Ms. Cochran and her five children from their

home through the execution of an Order For Possession requested by 3 Rivers, without

first providing Ms. Little prior notice of the underlying landlord/tenant eviction

proceedings which led to the issuance of the Order For Possession, and without first

affording Ms. Cochran any opportunity to object to its issuance, in violation of Ms. Cochran's right to due process guaranteed by the Fourteenth Amendment of the Constitution of the United States of America.

3. Since November 2017, Ms. Cochran and her five minor children have leased and resided in a manufactured home at the New Colony Manufactured Home Community in West Mifflin, Pennsylvania. Ms. Cochran's mother, Maria Cochran, co-signed the lease and lived with her daughter and grandchildren until March 2020.

4. In May 2021, Defendant 3 Rivers filed an eviction lawsuit in Magisterial District Court 05-2-14 (the "MDC"), seeking possession of Ms. Cochran's home based primarily on unpaid delinquent rent.   Defendant 3 Rivers did not include Plaintiff Jennifer Cochran as a party defendant in that lawsuit.  Exhibit A.

5.  The MDC Clerk confirmed to Ms. Cochran that because the eviction lawsuit did not name her as a party, Ms. Cochran was not involved and there was "nothing" Ms. Cochran could do to participate in the action.

6. Plaintiff Jennifer Cochran thus did not appear at any of the hearings scheduled in the eviction case against Jennifer Cochran's mother.

7. On August 24, 2021, the MDC entered a judgment for possession of the subject leased premises and in the amount of $7,708.64 in favor of Defendant 3 Rivers and against Maria Cochran, only.  Exhibit B.

8. On September 15, 2021, Defendant 3 Rivers requested, and the MDC issued to Defendant Constable Stillwagon, an Order For Possession of Ms. Cochran's leased residential premises.  Exhibit C.

9.  On September 17, 2021, Defendant Constable Stillwagon posted a copy of the Order For Possession on the door of Jennifer Cochran's premises.   Exhibit C.

10.   Both 3 Rivers and the MDC, through communications with staff of undersigned counsel, have informed Jennifer Cochran that if she and her five children fail to vacate their residential premises on or before September 27, 2021, they will be forcibly evicted on September 28, 2021.

11.  If evicted, Ms. Cochran and her children will become homeless and thereby suffer severe and irreparable harm.

## II.     <u>JURISDICTION AND VENUE</u>

12.   This Court possesses the jurisdictional authority pursuant to 42 U.S.C. §1983 to redress the rights, privileges and immunities secured by the Fourteenth Amendment to the Constitution of the United States.

13.   This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

14.   Declaratory relief is authorized by 28 U.S.C. §2201 and F.R.Civ.P. 57.

15.   Injunctive relief is authorized by 28 U.S.C. §2202 and F.R.Civ.P. 65.

16.   Venue is proper in the Western District of Pennsylvania under 28 U.S.C. §1391 because it is the Judicial District in which all of the events or omissions giving rise to the Plaintiff's claims occurred and in which the Defendants' principal places of business are located and where they conduct business.

## III.  <u>PARTIES</u>

17.   The Plaintiff, Jennifer Cochran, is an adult individual and a citizen of the United States.  She, along with her five minor children, ages 5, 9, 9, 10 and 5, have

resided in a leased residential manufactured home located in the New Colony

Manufactured Home Community, at 114 Mountaineer Lane, West Mifflin, PA 15122

since November 2017.

18.   Defendant UMH 3 Rivers LLC, d/b/a New Colony, with business address of

3101 Homestead Duquesne Road, West Mifflin, PA 15122, is a private corporation

which, upon information and belief, is registered to do business in Pennsylvania and

which owns and manages the ongoing continuous business and financial operations

associated with the administration of the New Colony Manufactured Home Community,

which UMH Properties Inc., also a registered Pennsylvania business, purchased in

June 2020.   Defendant UMH 3 Rivers LLC. instituted, as the party/plaintiff, the eviction

lawsuit which is the subject of the instant action before  Pennsylvania Magisterial

District Court 05-3-14.

19.   Defendant Stillwagon is a Pennsylvania State Constable elected to perform

certain specified, non-judicial duties for Pennsylvania Magisterial District Court 05-2-14,

located at 2629 Skyline Drive, West Mifflin, PA 15122.  As such, Defendant Stillwagon

is charged, *inter alia,* with the responsibility to execute Orders For Possession of leased

residential properties issued by Magisterial District Court 05-2-14 following the issuance

of judgments for possession of those properties against occupants of households

subject to landlord/tenant eviction proceedings.

## IV.   LEGAL FRAMEWORK

20.   The Pennsylvania Magisterial District Court Rules of Civil Procedure 501-

582, 246 Pa.Code §§ 501-582, rather than statute, prescribe the system and

procedures by which Pennsylvania landlords may seek and obtain expedited judicial

review and determinations of actions against tenants for the recovery of possession of real property in the Pennsylvania magisterial district courts and to which the magisterial district courts must adhere.

21.     Pa.R.Civ.P.M.D.J. 503 prescribes the factual allegations which must be included in a short-form complaint for recovery of possession of leased premises, including, at Rule 503C:   (1) "[t]he names and addresses of the parties; and (3) "[t]hat [the landlord] leased or rented the property to the defendant or to some other person under whom the defendant claims."

22.   Following service of the complaint upon the specified named defendants, the magisterial district judge must schedule a prompt hearing, Rule 504, and the complaint with the assigned hearing date and time must be served upon the named defendant[s]' last known address.  Rule 506.

23.   Thereafter the magisterial district judge must conduct an evidentiary hearing, Rule 512,  after which the magisterial district judge must issue either a judgment for possession of the subject leased property in favor of the plaintiff/landlord or a judgment in favor of the defendant[s],  a copy of which the magisterial district court must then "give or mail to the parties."  Rule 514.

24. Unless "a party aggrieved by a judgment for money , or a judgment affecting the delivery of possession of real property" files a timely *de novo* from that judgment, Rule 1002, the plaintiff/landlord may request the magisterial district court judge to issue an order for possession, Rule 515, which must then be delivered  upon the defendant[s] by the sheriff or a certified constable or posted on the premises, and also mailed to the defendant[s]."

25.  Rule 517(2) prescribes that the order for possession of residential premises must contain, *inter alia*, the following language:

> If you, *and all occupants of this property not authorized by the owner to be present thereon,* do not vacate this property within ten (10) days after the date of this notice, the law authorizes me to use such force as may be necessary to enter upon the property by breaking in of any door or otherwise, and to eject you and all unauthorized occupants (emphasis added).

26.  If the tenant/defendant(s) and/or "occupants not authorized by the owner to be present thereon" fail to timely surrender the premises, Rule 519 instructs the executing officer to "use such force as is necessary...to eject the defendant and any unauthorized occupant...."

27.  The Pennsylvania Rules of Civil Procedure For Magisterial District Judges lack any procedures by which an occupant of the subject premises not identified and named by a plaintiff/landlord as a party defendant in the magisterial district court landlord/tenant action for possession will be afforded the right or opportunity to intervene as a party defendant in the eviction hearing before the magisterial district court.

28.  The Pennsylvania Rules of Civil Procedure For Magisterial District Judges lack any procedures by which an occupant of the subject premises not identified and named by a plaintiff/landlord as a party defendant in the magisterial district court landlord/tenant action for possession will be afforded notice of a right or opportunity, if such exists, to intervene as a party defendant in the eviction action before the magistrate district court.

29.  The Pennsylvania Rules of Civil Procedure For Magisterial District Judges lack any procedures by which an occupant of the subject premises not identified and named by plaintiff/landlord as a party defendant in the magisterial district court landlord/tenant

action for possession will be afforded a right or opportunity to present a defense to the eviction action before the magistrate district court.

30.   The Pennsylvania Rules of Civil Procedure For Magisterial District Judges lack any procedures by which an occupant of the subject premises not identified and named by plaintiff/landlord as a party defendant in the magisterial district court landlord/tenant action for possession will be afforded notice of a right or opportunity, if such exists, to appear and present a defense to the eviction action before the magistrate district court.

31.   The Pennsylvania Rules of Civil Procedure For Magisterial District Judges lack any procedures by which an occupant of the subject premises not identified and named by the plaintiff as a party defendant in the magisterial district court landlord/tenant action the has the right or any opportunity to seek leave to file a *de novo* appeal from a judgment for possession of the non-party occupant's residential premises.

32.   The Pennsylvania Rules of Civil Procedure For Magisterial District Judges lack any procedures by which an occupant of the subject premises not identified and named by plaintiff/landlord as a party defendant in the magisterial district court landlord/tenant action for possession will be afforded notice of a right or opportunity, if such exists, to file a *de novo* appeal from a judgment for possession of the non-party occupant's residential premises, or to seek leave to do so.

33.   "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them

an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

**V.   STATEMENT OF FACTS**

34.  On or about November 2017, and with the assistance of the Duquesne Family Center, a social services agency, Ms. Cochran, an indigent single mother of five minor children, two of whom are disabled, and Ms. Cochran's mother, Maria Cochran, entered into a lease for the rental of a used manufactured home located in the New Colony Manufactured Home Community in West Mifflin, Pennsylvania.

35.   During the nearly four years since then, Ms. Cochran and her five children, now ages 5, 9, 9, 10 and 14, have enjoyed a stable and heathy living environment, far different than the living circumstances which led her to seek the help of the Duquesne Family Center several years ago.

36.  Although Ms. Cochran's mother moved out of the premises and relocated elsewhere in March 2020, Ms. Cochran and her young children have remained as tenants in the subject premises.

37.  On or about January 2021, when her employer stopped paying her wages, Ms. Cochran was compelled to resign from her convenience store manager position.  Although Ms. Cochran obtained new employment as a pizza shop manager several months later, in June 2021, that employer, too, failed to pay her wages, and Ms. Cochran left that job in July 2021.

38.   Upon applying for unemployment benefits, Ms. Cochran discovered she had become the victim of identity theft, and Ms. Cochran cannot receive benefits until the

problem is resolved by the Department of Labor and Industry.   Meanwhile, Ms. Cochran

has not yet obtained new financially feasible employment.

39.  As a result, Ms. Cochran, whose only current source of income derives from

Supplemental Security Income benefits for two disabled children, became financially

unable to pay rent for her leased premises.

4039.  In May 2021, Defendant 3 Rivers instituted an eviction action in the

Magisterial District Court seeking possession of Ms. Cochran's residential coupled with a

claim for past due rent.  Defendant 3 Rivers filed its lawsuit against Ms. Cochran's mother,

Maria Cochran, solely, and not against Plaintiff Jennifer Cochran.  Exhibit A.

41. Defendant 3 Rivers neither identified nor designated Plaintiff Jennifer Cochran

as a party defendant in its complaint.

42.  A copy of Defendant 3 Rivers' "Landlord and Tenant Complaint," posted on the

subject leased premises, likewise designated, and was directed only and exclusively to,

Maria Cochran, and not to Plaintiff Jennifer Cochran.

43.  After finding and reviewing the posted complaint, Plaintiff Jennifer Cochran

telephoned the magistrate court to inquire about it, but the clerk advised Ms. Cochran that

because she was not named as a party defendant in the lawsuit, there was nothing Ms.

Cochran could do about it.  Moreover, the clerk informed Ms. Cochran that, consequently,

she (the clerk)  was not permitted, and therefore refused, to discuss the action further with

Ms. Cochran.

44. As a result, and because she was not included as a party defendant in the

lawsuit, Plaintiff Jennifer Cochran believed and understood that Defendant 3 Rivers'

lawsuit did not apply to her, and that 3 Rivers did not intend to involuntarily or forcibly dispossess her and her minor children from their home.

45.  As a result of the foregoing conversation, Plaintiff Jennifer Cochran understood and believed that it would be fruitless to appear at any of the hearings scheduled in the eviction action filed by Defendant 3 Rivers against Jennifer Cochran's mother.

46.  In August 2021, a social worker informed Ms. Cochran about the federal Emergency Rental Assistance Program ("ERAP), which provides up to 15 months' rent to landlords of eligible tenants. and Ms. Cochran promptly submitted an application for those benefits.  Ms. Cochran's application is on hold until her lease is submitted to the ERAP agency.   Although Ms. Cochran no longer has a copy, Defendant 3 Rivers does, but upon information and belief, Defendant 3 Rivers has failed and/or has refused to furnish it to the ERAP administrators.

47.  Had Ms. Cochran been named as a defendant in 3 Rivers' eviction lawsuit, the MDC could not have entered judgment for possession against her, because an Administrative Order of the President Judge of the Allegheny County Court of Common Pleas Civil Division directs all magisterial district courts to refrain from conducting eviction hearings in cases where past due rent forms one basis for the lawsuit if the tenant, after having been informed about ERAP benefits, then has applied for them.  Instead, the Administrative Order requires the magisterial district courts to continued those eviction proceedings through at least October 31, 2021.

48. Thus, due to the pendency of Ms. Cochran's ERAP application, had Ms. Cochran been named as a defendant in the eviction lawsuit, the Magisterial District Court

would not have been permitted to enter a judgment in favor of 3 Rivers for possession of Ms. Cochran's premises.

49.  On August 24, 2021, Magisterial District Court 05-2-14 entered a judgment for possession of the subject leased premises and in the amount of $7,708.64 in favor of Defendant 3 Rivers and against Maria Cochran, only.  Exhibit B.

50.   Plaintiff Jennifer Cochran was not permitted to file a *de novo* appeal from those judgments of the magisterial district court because, as prescribed by Pa.R.Civ.P.M.D.J. 1002, she was not "a party aggrieved" by the judgments.

51.  On September 15, 2021, Defendant 3 Rivers requested, and Magisterial District Court 05-2-14 thus issued to Defendant Constable Stillwagon, an Order For Possession of Ms. Cochran's leased residential premises.

52.  On September 17, 2021, Defendant Constable Stillwagon posted a copy of the Order For Possession on the door of Jennifer Cochran's premises.   Pursuant to Pa.R.Civ.P.M.D.J. 517(2), the Order, *inter alia,*  directed "you," i.e., Maria Cochran, "and all other occupants of the property not authorized by the owner to be present thereon"  to vacate the subject premises no later than September 27, 2021, or be forcibly evicted thereafter.  Exhibit C.

53.  Defendant 3 Rivers has informed undersigned counsel that it intends to instruct Defendant Stillwagon to forcibly evict Ms. Cochran and her five children on September 28, 2021, if they fail to vacate their residential premises on or before September 27, 2021.

54.  Ms. Cochran did not understand or realize  that she and her children could or would be evicted based upon a judgment for possession of the subject  premises entered

against her mother but not her, which, in turn, resulted from a lawsuit seeking possession of the subject premises which was filed against her mother.

55.  Thus, Ms. Cochran, whose application for emergency rental assistance, once approved, would cure the outstanding rent delinquency to Plaintiff 3 Rivers in full,  did not realize that she might need to take any steps to seek or obtain new housing until she learned of, and sought legal help from, undersigned counsel.

56.  Ms. Cochran lacks any alternative suitable and affordable housing options for herself and her children.  Although she and her children will be able to be sheltered temporarily at Maria Cochran's small, two bedroom home in Blairsville, PA , they cannot remain there indefinitely, and they will be left without their furnishings and belongings.  Ms. Cochran's family will all be rendered essentially homeless once the Defendants carry out their judicially-sanctioned threatened forcible eviction of the Cochran family on or after September 28, 2021, without first affording Ms. Cochran any opportunity both to participate in the judicial process mandated by state law as a condition precedent to evicting tenants, and to dispute the merits of Defendant 3 Rivers' claims pursuant to that judicial process.

57.  Ms. Cochran has incurred damages arising from the significant emotional stress she has suffered as a result of the Defendants' unlawful and unconstitutional actions, practices and policies.

**VI.   CAUSES OF ACTION**

    **A.   Unconstitutional Deprivation Of Property Without Due
        Process Of Law, Against Defendant UMH 3 Rivers, LLC**

57.  By utilizing Pennsylvania magisterial court procedures: (1)  to institute a legal action to seek and obtain a magisterial district court judgment for possession of Plaintiff

Jennifer Cochran's leased premises without naming or including  Ms. Cochran as a party

defendant in that lawsuit, thereby depriving  Ms. Cochran of any opportunity both to

defend against the lawsuit or file an appeal from the eviction judgment; and subsequently,

(2) to seek and obtain an order for possession of Ms. Cochran's leased premises which

permits the involuntary and forcible eviction of household occupants in addition to and

other than the named party defendants, without first affording Ms. Cochran any

opportunity to defend against the legal claims which led to the issuance of the order for

possession of her leased premises, and (3) to engage Defendant Constable Jeremy

Stillwagon to execute upon the order for possession and forcibly evict Ms. Cochran and

her five minor children from their home, without first affording Ms. Cochran any notice any

opportunity to defend against the claims which led to the issuance of the judgment and

order for possession, Defendant UMH 3 Rivers LLC, under color of state law,  has acted in

a manner which deprives Ms. Cochran and her family of their leasehold property interest

in their residential premises,  without first affording Ms. Cochran due process as

guaranteed by the Fourteenth Amendment to the Constitution of the United States of

America.

   **B.      Unconstitutional deprivation of property without due
            process of law, against Pennsylvania State Constable
            Jeremy Stillwagon**

   58.  Defendant Constable Stillwagon's policy, practice, action and/or custom, by

means of serving an Order For Possession and, as necessary, forcibly executing the

Order, of demanding that occupants of leased premises against whom no eviction action

has been filed and against whom no judgment for possession of premises has been

entered, must surrender those premises, by threatening those persons with forcible

eviction should they not surrender the premises as demanded, and, if necessary, by effectuating the forcible eviction of those persons, when first affording those persons prior notice and an opportunity to object to the underlying eviction proceedings, unconstitutionally deprive Ms. Cochran of her residential leasehold property interest without affording her due process as guaranteed by the Fourteenth Amendment to the Constitution of the United States of America.

59.   Defendant Constable Stillwagon's policy, practice, action and/or custom, pursuant to an Order For Possession issued under Pa.R.Civ.P.M.D.J. 517, of demanding that occupants of leased premises against whom no eviction action has been filed and against whom no judgment for possession of premises has been entered, must surrender those premises, of threatening those persons with forcible eviction should they not surrender the premises as demanded, and, if necessary, of effectuating the forcible eviction of those persons, when first affording those persons prior notice and an opportunity to object to the underlying eviction proceedings violate, both on their face and as applied, Plaintiff Jennifer Cochran's rights to due process as secured by the Fourteenth Amendment to the United States Constitution.

## VII.   REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests this Court to enter relief as follows:

1.   Assume jurisdiction of this case;

2.   Enter a judgment, pursuant to 28 U.S.C. § 2201 and F.R.Civ.P. 57, which declares that the actions, practices, policies, and procedures of the Defendants violated the Plaintiff's rights to due process guaranteed by the Fourteenth Amendment of the Constitution of the United States of America;

3.  Enter a preliminary and permanent injunction:

a.  Enjoining Defendant UMH 3 Rivers LLC, d/b/a New Colony, from acting in concert with Defendant Constable Jeremy Stillwagon or any other state actor to deprive Ms. Cochran of her leased residential premises at 114 Mountaineer Lane, West Mifflin, PA 15122,  including but not limited to taking any further action to remove Ms. Cochran and her family from the subject residential property, without having first provided Ms. Cochran with notice and an opportunity consistent with due process and Pennsylvania state law to object to any such action; and,

b.  Enjoining Defendant Jeremy Stillwagon and any other state actor from evicting or from authorizing the eviction of Ms. Cochran and/or her family from their home at 114 Mountaineer Lane, West Mifflin, PA 15122 unless and until Ms. Cochran is first provided notice and an opportunity consistent with due process to object to such action;

c.  Award the Plaintiff damages;

c.  Award the Plaintiff her litigation costs and reasonable attorneys' fees; and

d.  Grant such additional relief as may be deemed fair and proper.

Respectfully Submitted:

/s/ Eileen D. Yacknin                           /s/ Daniel G. Vitek
Eileen D. Yacknin                               Daniel G. Vitek
PaID 26525                                      PaID 209013
Neighborhood Legal Services                     Community Justice Project
928 Penn Avenue                                 100 Fifth Avenue, Suite 900
Pittsburgh, PA 15222-3799                       Pittsburgh, PA 15222
(412) 586-6155                                  (412) 652-9765
yacknine@nlsa.us                                Dvitek@cjplaw.org

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER COCHRAN,                                    )          CA No. 21-
                                                     )
                    Plaintiff,                       )
                                                     )
        vs.                                          )
                                                     )
UMH 3 RIVERS LLC, d/b/a NEW COLONY,                  )
JEREMY STILLWAGON, in his official                   )
capacity as Pennsylvania State Constable for         )
Magisterial District Court 05-2-14,                  )
                                                     )
                    Defendants.                      )


### VERIFICATION OF PLAINTIFF JENNIFER COCHRAN

        I verify that the statements of fact made in the foregoing Verified

Complaint are true and correct.   I understand that false statements herein are made

subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to

authorities


Date:  September 23, 2021                        /s/ Jennifer Cochran
                                                Jennifer Cochran

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF



**LANDLORD/TENANT COMPLAINT**

Mag. Dist. No. MDJ-05-2-14
MDJ Name: Honorable Richard D. Olasz Jr.
Address: 2629 Skyline Drive
West Mifflin PA 15122

Telephone:

LANDLORD                    NAME and ADDRESS
UMH 3RIVERS, LLC d /b /b. New Colony
3101  Homestead  DUQ. Rd
West  MAff lin  PA  15122

TENANT:                     NAME and ADDRESS
Maria Cochran
114 Mountineer Lane
West Mifflin PA 15122

Docket No: *LT-18-21*
Case Filed: *5-5-21*

|  | AMOUNT | DATE PAID |
|---|---|---|
| FILING COSTS | $ 180.25 | |
| POSTAGE | $ 8.23 | |
| SERVICE COSTS | $ 33.90 | |
| CONSTABLE ED. | $ 3.00 | |
| TOTAL | 221.38 | 5-5-21 |

Pa.R.C.P.M.D.J. No. 206 sets forth those costs recoverable by the prevailing party.

TO THE TENANT: The above named landlord(s) asks judgment together with costs against you for the possession of real property and for:

Lease is [✓] Residential   [ ] Nonresidential   Monthly Rent $ 785⁰⁰   Security Deposit $ 768.30

[ ] A determination that the manufactured home and property have been abandoned.

[ ] A Request for Determination of Abandonment (Form MDJS 334) must be completed and submitted with this complaint.

[ ] Damages for injury to the real property, to wit: _____

in the amount of:   $ _____

[ ] Damages for the unjust detention of the real property in the amount of   $ _____
[✓] Rent remaining due and unpaid on filing date in the amount of   $ 4,980.00
[✓] And additional rent remaining due and unpaid on hearing date   $ 40.00
[ ]                                                                       $ _____
[ ] Attorney fees in the amount of

Total: $ 5,020.00

THE LANDLORD FURTHER ALLEGES THAT:

1. The location and the address, if any, of the real property is: 114 Mountineer Lane, West Mifflin PA 15122
2. The party filing the complaint is the landlord of that property.
3. The landlord leased or rented the property to you or to _____ under whom you claim.
4. [✓] Notice to quit was given in accordance with law, or
   [✓] No notice is required under the terms of the lease.
5. [ ] The term for which the property was leased or rented is fully ended, or
   [✓] A forfeiture has resulted by reason of a breach of the conditions of the lease, to wit: non payment & lease violation
   22.5 pets D, 23.3 Peaceful and quite C., 22.6 Lot, lawn and Yard Maitnt. J.  or,

[✓] Rent reserved and due has, upon demand, remained unsatisfied.

6. You retain the real property and refuse to give up to its possession.

MAY 0 5 2021

I, Toniann Russo _____ verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) relating to unsworn falsification to authorities.

I certify this filing complies with the UJS Case Records Public Access Policy.

_____
(Signature of Landlord)

The landlord's attorney shall file an entry of appearance with the magisterial district court pursuant to Pa.R.C.P.M.D.J. No. 207.1

IF YOU HAVE A DEFENSE to this complaint you may present it at the hearing. IF YOU HAVE A CLAIM against the landlord arising out of the occupancy of the premises, which is in the magisterial district judge jurisdiction and which you intend to assert at the hearing, YOU MUST FILE it on the complaint form at the office BEFORE THE TIME set for the hearing. IF YOU DO NOT APPEAR AT THE HEARING, a judgment for possession and costs, and for damages and rent if claimed, may nevertheless be entered against you. A judgment against you for possession may result in your EVICTION from the premises.
If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation.

AOPC 310A                    1

FREE INTERPRETER
www.pacourts.us/language-rights

EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY



**NOTICE OF JUDGMENT/TRANSCRIPT**
**Residential Lease**

| Mag. Dist. No: | MDJ-05-2-14 |
|---|---|
| MDJ Name: | Honorable Richard D. Olasz Jr. |
| Address: | 2629 Skyline Drive<br>West Mifflin, PA 15122 |
| Telephone: | 412-466-1503 |

UMH 3 Rivers, LLC d./b./b. New Colony
v.
Maria Cochran

Maria Cochran
114 Mountineer Lane
West Mifflin, PA 15122

Docket No: MJ-05214-LT-0000018-2021
Case Filed: 5/5/2021

## Possession Details

Possession is granted and the defendant is not permitted to satisfy the order for possession and avoid eviction by paying the rent in arrears and the costs of the proceedings.

## Disposition Summary (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-05214-LT-0000018-2021 | UMH 3 Rivers, LLC d./b./b. New Colony | Maria Cochran | Judgment for Plaintiff | 08/24/2021 |

## Judgment Summary

| Participant | Joint/Several Liability | Individual Liability | Amount |
|---|---|---|---|
| Maria Cochran | $0.00 | $7,664.15 | $7,664.15 |
| UMH 3 Rivers, LLC d./b./b. New Colony | $0.00 | $0.00 | $0.00 |

## Judgment Finding (*Post Judgment)

In the matter of UMH 3 Rivers, LLC d./b./b. New Colony vs. Maria Cochran on MJ-05214-LT-0000018-2021. on 8/24/2021 the judgment was awarded as follows:

The amount of rent per month, as established by the Magisterial District Judge, is $785.00

| Judgment Component | Joint/Several Liability | Individual Liability | Deposit Applied | Amount |
|---|---|---|---|---|
| Rent In Arrears | 0.00 | $7,455.00 | | $7,455.00 |
| Filing Fees | 0.00 | $209.15 | | $209.15 |
| | | | Grand Total: | $7,664.15 |
| Portion of judgment for physical damages arising out of residential lease: | | | | $0.00 |

**Comments:**

EXHIBIT B   1





**FREE INTERPRETER**
www.pacourts.us/language-rights
412-350-5419

UMH 3 Rivers, LLC d./b./b. New Colony

v.

Maria  Cochran

Docket No.: MJ-05214-LT-0000018-2021

IN AN ACTION INVOLVING A RESIDENTIAL LEASE, EXCEPT AS OTHERWISE PROVIDED BELOW, ANY PARTY HAS THE RIGHT TO APPEAL FROM A JUDGMENT FOR POSSESSION WITHIN TEN DAYS AFTER THE DATE OF ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF THE COURT OF COMMON PLEAS, CIVIL DIVISION. THIS APPEAL WILL INCLUDE AN APPEAL OF THE MONEY JUDGMENT, IF ANY.   IN ORDER TO OBTAIN A SUPERSEDEAS, THE APPELLANT MUST DEPOSIT WITH THE PROTHONOTARY/CLERK OF COURTS THE LESSER OF THREE MONTHS RENT OR THE RENT ACTUALLY IN ARREARS ON THE DATE THE APPEAL IS FILED. HOWEVER, LOW-INCOME AND/OR SECTION 8 TENANTS SHOULD REFER TO Pa.R.C.P.M.D.J. NO. 1008 OR 1013 FOR DIFFERENT PROCEDURES REGARDING THIS DEPOSIT.

A TENANT WHO IS AGGRIEVED BY A JUDGMENT FOR THE DELIVERY OF POSSESSION OF REAL PROPERTY ARISING OUT OF A RESIDENTIAL LEASE AND WHO IS A VICTIM OF DOMESTIC VIOLENCE MAY APPEAL THE JUDGMENT WITHIN 30 DAYS AFTER THE DATE OF THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF THE COURT OF COMMON PLEAS, CIVIL DIVISION, ALONG WITH A DOMESTIC VIOLENCE AFFIDAVIT. IF THE AFFIDAVIT WAS FILED WITH THE MAGISTERIAL DISTRICT COURT TO STAY THE EXECUTION OF AN ORDER FOR POSSESSION PURSUANT TO RULE 514.1, THE TENANT SHOULD ATTACH A COPY OF THE PREVIOUSLY FILED AFFIDAVIT. IF THE TENANT DOES NOT FILE THE DOMESTIC VIOLENCE AFFIDAVIT WITH THE MAGISTERIAL DISTRICT COURT OR DOES NOT APPEAL TO THE COURT OF COMMON PLEAS WITHIN 21 DAYS FOLLOWING ENTRY OF THE JUDGMENT, THE TENANT IS AT RISK OF EVICTION.

IF A PARTY WISHES ONLY TO APPEAL THE MONEY PORTION OF A JUDGMENT INVOLVING A RESIDENTIAL LEASE, THE PARTY HAS 30 DAYS AFTER THE DATE OF ENTRY OF JUDGMENT IN WHICH TO FILE A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURTS OF THE COURT OF COMMON PLEAS, CIVIL DIVISION.

THE PARTY FILING AN APPEAL MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH THE NOTICE OF APPEAL. EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

AUG 2 4 2021

Date

Magisterial District Judge Richard D. Olasz Jr.

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

Date

Magisterial District Judge

UMH 3 Rivers, LLC d./b./b. New Colony
          v.
     Maria  Cochran

Docket No.: MJ-05214-LT-0000018-2021

# Participant List

### Plaintiff(s)

       UMH 3 Rivers, LLC d./b./b. New Colony
       3101Homestead-Duquesne Rd
       West Mifflin, PA  15122

### Defendant(s)

       Maria Cochran
       114 Mountineer Lane
       West Mifflin, PA  15122

FREE INTERPRETER
www.pacourts.us/language-rights
412-350-5419

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY



# ORDER FOR POSSESSION, RETURN AND NOTICE

| | |
|---|---|
| Mag. Dist. No: | MDJ-05-2-14 |
| MDJ Name: | Honorable Richard D. Olasz Jr. |
| Address: | 2629 Skyline Drive West Mifflin, PA 15122 |
| Telephone: | 412-466-1503 |

Maria Cochran
114 Mountineer Lane
West Mifflin, PA 15122

UMH 3 Rivers, LLC d./b./b. New Colony
v.
Maria Cochran

| | |
|---|---|
| Docket No: | MJ-05214-LT-0000018-2021 |
| Case Filed: | 5/5/2021 |
| Time Filed: | 02:46PM |
| Date Order Filed: | 09/15/2021 |

TO THE MAGISTERIAL DISTRICT JUDGE: The above named plaintiff, having obtained a judgment for possession of real property located at:

114 Mountaineer Lane
West Mifflin, PA 15122

Requests that you issue an ORDER FOR POSSESSION for such property.

Date:                              Plaintiff:   UMH 3 Rivers, LLC d./b./b. New Colony

## ORDER FOR POSSESSION

To:  Jeremy A. Stillwagon                                                    (Sheriff or Certified Constable)

You are hereby directed to deliver actual possession to plaintiff, or his agent, of real property located at (Give location and/or address):

114 Mountaineer Lane
West Mifflin, PA 15122

### Notice Concerning Personal Property Left in Rental Property

Unless otherwise provided in the lease, the landlord is required to provide notice of the following concerning personal property. If you vacate the rental property and leave personal property behind in the rental property, you have ten days to contact your landlord about your intentions concerning the removal of that personal property. Your landlord is obligated to retain your personal property for thirty days if you make such a request within ten days of vacating the rental property. If no such request is made within the ten-day period, your landlord may dispose of the personal property at the end of the ten-day period. Additionally, you may be held responsible for the costs of removal or storage of your personal property after the landlord has the right to dispose of such property. Section 505.1 of the Landlord and Tenant Act of 1951 ("Act"), Act of April 6, 1951, P.L. 69, as amended, 68 P.S. § 250.505(a).

September 15, 2021                    _R..l.D. Ol.M._

Date                                  Magisterial District Judge Richard D. Olasz Jr.

_____                    _____
Received Date & Time                  Signature of Sheriff or Certified Constable



UMH 3 Rivers, LLC d./b./b. New Colony

v.

Maria Cochran

Docket No.: MJ-05214-LT-0000018-2021

## RETURN

☐ Defendant (Name): _____

☐ Adult person in charge (Name): _____

Served with copy of ORDER FOR POSSESSION, and served with NOTICE TO VACATE on (Date of Service) _____
at (Location and Address):    114 Mountaineer Lane
                              West Mifflin, PA 15122

☑ Since none of the above found, served by posting a copy of the complaint conspicuously on the premise
Date: _9 - 17 - 2 1_    Time: _6 : 45 p m_

☐ Order satisfied by payment of rent in arrears and costs

      Amount Paid $_____

            Distribution

    $_____ To _____
    $_____ To _____
    $_____ To _____
    $_____ To _____
    $_____ To _____
    $_____ To _____

☐ Premises vacated without forcible entry and ejectment

☐ Forcible entry and ejectment    Date: _____
                                Time: _____

☐ Returned within five business days following delivery of possession to
    plaintiff or satisfaction by payment of rent in arrears and costs.
Expenses and fees of sheriff or certified constable $ _____

_____
Signature of Sheriff or Certified Constable

_____
Print Name and Title

## NOTICE TO DEFENDANT TO VACATE

If you and all the occupants of this property not authorized by the owner to be present thereon, do not vacate this property within 10 days after the (date of service) _9 - 17_ day of _2 0 2 1_ _____, the law authorizes me to use, and I must use, such force as may be necessary to enter upon this property, by breaking in of any door or otherwise, and to eject you and all unauthorized occupants. If necessary, eviction will commence on _9 - 28 - 21_ after 12:01 AM.

| | |
|---|---|
| Rent in Arrears | $7,455.00 |
| Filing Fees | $209.15 |
| Sub Total | $7,664.15 |
| Post Judgment Costs | $44.49 |
| Total | $7,708.64 |

FREE INTERPRETER
www.pacourts.us/language-rights
412-350-5419