IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER COCHRAN,

    *Plaintiff*,

v.

UMH 3 RIVERS LLC *doing business as* NEW COLONY and JEREMY STILLWAGON *in his official capacity as Pennsylvania State Constable for Magisterial District Court 05-2-14*,

    *Defendants*.

Civil Action No. 2:21-cv-1271

Hon. William S. Stickman IV

## **OPINION AND ORDER**

Attorneys Daniel G. Vitek and Eileen D. Yacknin, counsel for Plaintiff Jennifer Cochran ("Plaintiff"), have filed a Motion to Withdraw as Plaintiff's Counsel. (ECF No. 14). For the following reasons, the Court will deny the Motion.

By way of background, Plaintiff filed a Complaint (ECF No. 3) and Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5) on Friday, September 24, 2021. The Complaint asserts two counts, claiming that Defendants UMH 3 Rivers LLC d/b/a New Colony ("UMH 3 Rivers"), Plaintiff's landlord, and Jeremy Stillwagon ("Constable Stillwagon"), a Pennsylvania constable,[1] engaged in an unconstitutional deprivation of property without due process. Specifically, Plaintiff claims that UMH's attempt to evict her from her apartment with the assistance of Constable Stillwagon (and pursuant to legal process in a Pennsylvania Magisterial District Court) was procedurally flawed in violation of the Fourteenth

---

[1] Plaintiff acknowledges that, to this date, Constable Stillwagon has not been served with the Complaint in this action. He has, therefore, not entered his appearance.

1

Amendment. Plaintiff requested a temporary restraining order ("TRO") to stop the imminently scheduled eviction. The Court scheduled a hearing on the requested TRO for the next business day, Monday, September 27, 2021. (ECF No. 7). On September 25, 2021, Plaintiff filed a Notice of Withdrawal of Motion for Temporary Restraining Order and Preliminary Injunction, which states that she reached an agreement with UMH 3 Rivers whereby "UMH 3 Rivers will not evict or take any action to, or attempt to, cause the eviction of Plaintiff and her family from their leased residential premises . . . ." (ECF No. 8). The Notice further states that Plaintiff "hereby withdraws her Motion for Temporary Restraining Order and Preliminary Injunction."[2] (*Id.*).

On December 21, 2021, counsel for Plaintiff filed a Motion to Withdraw as Plaintiff's Counsel. (ECF No. 14). Counsel alleges that after UMH 3 Rivers agreed not to pursue eviction, Plaintiff stopped communicating with them and has not returned emails, texts and telephone messages. (*Id.* ¶ 4). Counsel even attempted to meet Plaintiff at her home on at least two occasions. The first time, counsel explained a settlement proposal to Plaintiff, who rejected it. The second time, despite counsel waiting for two hours, Plaintiff never came home. (*Id.* ¶¶ 5, 8). Counsel asserts that "[it] has become apparent to undersigned counsel, by the Plaintiff's persistent failure to communicate satisfactorily with undersigned counsel despite repeated requests, that the Plaintiff no longer needs or desires the continued representation of undersigned

---

[2] The Request for Relief in the Complaint seeks, in addition to preliminary and permanent injunctive relief, "a judgment pursuant to 28 U.S.C. § 2201 and F.R.Civ.P. 57, which declares that the actions, practices, policies, and procedures of the Defendants violated the Plaintiff's rights to due process guaranteed by the Fourteenth Amendment of the Constitution of the United States of America" and an award of damages. (ECF No. 9, pp. 14–15). Because Plaintiff represents that she no longer seeks a TRO or preliminary injunctive relief and withdrew her motion for the same (ECF No. 8), only the request for a permanent injunction, a declaratory judgment, and damages remains.

counsel in regard to this mater, and that the Plaintiff will continue to fail and/or refuse to cooperate with undersigned counsel in their efforts to represent her." (*Id.* ¶ 10).

UMH 3 Rivers opposes the Motion to Withdraw. (ECF No. 16). It argues that, because it "has no intention of evicting Plaintiff from the Premises by utilizing the Award entered in favor of UMH against Maria Cochran in the Landlord/Tenant action," there is "no justiciable issue or case before the court." (*Id.* ¶¶ 4–5). UMH 3 Rivers further argues that "Plaintiff's counsel should not be permitted to simply walk-away [sic] from this action, leaving on the docket a zombie case, entirely without merit. If the Plaintiff does not intend to cooperate with her current counsel (that was representing her free of charge), it certainly cannot be expected that she will be able to prosecute the case, *pro se*, going forward." (*Id.* ¶ 6). UMH 3 Rivers asks the Court to dismiss the case with prejudice.

Local Rule 83.2.C.4 provides the procedure governing the withdrawal of appearance by counsel in a pending civil action:

> In any civil proceeding, no attorney whose appearance has been entered shall withdraw his or her appearance except upon filing a written motion. The motion must specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.

LCvR 83.2.C.4. Counsel for Plaintiff have failed to strictly comply with the requirements of the Local Rule. Specifically, the motion does not identify substitute counsel. Nor does the motion set forth Plaintiff's telephone number.[3] Finally, the motion does not bear Plaintiff's signature or state specifically why, after due diligence, counsel was unable to obtain her signature. Counsel explain that the level of communication with Plaintiff has been less than ideal and that Plaintiff

---

[3] The Motion likewise fails to provide Plaintiff's address, but that information can be found in the Certificate of Service attached to the Motion. (ECF No. 14, p. 5).

3

(apparently) no longer desires representation. But they do not demonstrate that there is any impediment—with the exercise of due diligence—to obtaining her signature.[4] *See, e.g.*, *In re Valsartan N-Nitrosodimethylamine, Losartan, and Irbesartan Prods. Liab. Litig.*, 2020 Wl 955059, at *3 (D.N.J. 2020) (denying attorney's motion to withdraw where "client [was] allegedly incommunicado" but attorney failed to provide admissible evidence showing that he "t[ook] all reasonable steps to locate and contact the client and notify him or her of the intent to withdraw"). In fact, the averments in the Motion to Withdraw reveal that, while sporadic, there have been some communications between counsel and Plaintiff. The Court will, therefore, deny the motion for failure to comply with Local Rule 83.2.C.4.

The Court will also deny the motion on substantive grounds. Whether to permit counsel to withdraw in a pending civil matter is left to the sound discretion of the District Court. *See Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996); *see also Bradford Energy Cap., LLC v. SWEPI LP*, 2021 WL 2865429, at *1 (W.D. Pa. July 8, 2021). As the Court of Appeals for the Third Circuit has explained, "there is no multi-factor test that a district court must apply to decide a motion for attorney withdrawal. Rules regarding attorney withdrawal are necessarily general because of the context-laden nature of such determinations. ***The interests to be considered will vary widely from case to case***." *Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014) (emphasis added).

Prior cases have identified several relevant considerations. In *Miller v. Native Link Construction, LLC*, 2019 WL 1277172, at *1 (W.D. Pa. Jan. 29, 2019) (citations omitted), the District Court explained:

---

[4] The requirement of the client's signature is no mere formality. Rather, it is intended to satisfy the Court that the client has been informed of the withdrawal of counsel, understands that counsel will no longer act on her behalf and, if proceeding *pro se*, understands that she will be responsible for receiving and responding to filings in the case, when necessary.

> Courts consider factors such as: (a) the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case. Even if withdrawal is otherwise appropriate, other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency.

In addition, "where withdrawal would significantly impair a party's ability to maintain the action, courts do not permit counsel to withdraw." *Id.* at *2 (citing *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993)). Another factor that may weigh against withdrawal is a concern that the client, if left unrepresented, may not be able to effectively represent his or her interests in an action and comply with the obligations of proceeding *pro se*. *See id.* ("More substantively, the court is concerned that [the defendant] may not have a fully informed and counseled appreciation of the legal consequences now facing him . . . . To allow [the defendant's] counsel to withdraw at this time may significantly interfere with his rights."). Finally, the potential for increased difficulty on the part of the other litigants in obtaining a "just, speedy, and inexpensive determination" of an action—as required by the foundational principles of Federal Rule of Civil Procedure 1—may also justify denying withdrawal. *Id.* For example, in *Miller*, the Court pointed out (as a factor weighing in favor of denial of the motion to withdraw) the fact that withdrawal would make service of filings more difficult for the other parties because they could not simply rely on the Court's CM/ECF system but would have to ensure actual delivery to an unrepresented party. *See id.*

Here, the Court will deny counsel's motion out of concern for the effects of withdrawal on Plaintiff, on Defendants and on the Court's ability to efficiently manage this action. Significantly, the Court has not been presented with any evidence that Plaintiff actually desires to proceed *pro se*, despite her lack of communication with counsel. Yet that would be the likely consequence of granting her counsel's Motion to Withdraw—that is, Plaintiff would be left

without the benefit of representation.  As in the *Miller* case, the Court is concerned that Plaintiff is not prepared to represent herself *pro se* and does not appreciate the obligations to the Court and the opposing parties in doing so.  Defendants will likely file dispositive motions on legal issues that will require timely responses.  In particular, the Court anticipates that UMH 3 Rivers will soon file a motion to dismiss based on lack of subject-matter jurisdiction.  To the extent that the action should survive dismissal, Plaintiff will then have to navigate her way through the discovery process, summary judgment motions, and (potentially) pretrial and trial proceedings.  That is a tall task for any *pro se* litigant—much more so for Plaintiff, who has been described in the Complaint as "an indigent single mother of five minor children, two of whom are disabled." (ECF No. 9, ¶ 34).  Moreover, the Complaint pleads that Plaintiff was, at the very least, confused by the nature of the state court landlord/tenant action that gave rise to the potential for eviction and by the implications of those proceedings on her and her family.  (*Id.* ¶¶ 40–55).  Plaintiff may face the same difficulties understanding the aforementioned procedural steps in this federal case.  The Court is not, at this point, confident that proceeding *pro se* is a fully informed, conscious and voluntary decision by Plaintiff.  Nor does it believe that granting the Motion to Withdraw would be without risk of prejudice to Plaintiff.

The Court also believes that withdrawal will prejudice Defendants.  As UMH 3 Rivers points out, if Plaintiff's own counsel has a hard time contacting Plaintiff, Defendants' chances of doing so are even slimmer.  In addition, to the extent that counsel has failed to effectuate service of process on Constable Stillwagon, there is a substantially lesser chance that Plaintiff will do so *pro se*.  There is no question that withdrawal of Plaintiff's counsel will make litigation more difficult, time consuming and expensive for Defendants.

Finally, the Court, too, has an interest in "effective communication and efficient administration" of cases. *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986). To the extent that Defendants file dispositive motions, the Court will benefit from counseled briefing on the issues presented. Counsel are also better equipped to participate in case management conferences and to work with the Court throughout the litigation process to achieve the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Upon consideration of the specific circumstances in this case, the Court holds that permitting Plaintiff's counsel to withdraw will hinder that aim.

While the Court is sympathetic to the difficulties counsel may face in communicating with their client, "[o]nce an attorney 'agrees to undertake the representation of a client, he or she is under an obligation to see the work through to completion.'" *Miller*, 2019 WL 1277172, at *2 (quoting *Haines*, 814 F. Supp. at 424). To be sure, there are circumstances where an attorney will be permitted to withdraw, with or without substitute counsel. This is not such a case.

AND NOW, this 10th day of January 2022, IT IS HEREBY ORDERED that the Motion to Withdraw (ECF No. 14) is DENIED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE